UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES T. CHILCOAT,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV 09-06301-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

    Plaintiff raises the following issue:

    1.    The Commissioner's decision is not based on substantial

evidence.[1]

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**SUBSTANTIAL EVIDENCE SUPPORTS THE COMMISSIONER'S DECISION**

The Court must affirm if the ALJ's decision is based on substantial evidence in the record. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

In his portion of the JS, Plaintiff asserts he is disabled due to continuing abdominal pain, nausea, heartburn, vomiting blood on several occasions, severe reflux, anxiety, and depression.

The Administrative Law Judge's ("ALJ") decision (AR 11-20) follows the familiar five-step sequential evaluation process set forth in 20 C.F.R. §404.1520(a). (<u>See</u> JS at 12-13.) In Plaintiff's case, after determining Plaintiff's residual functional capacity ("RFC"), the ALJ made a Step Five determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and he was therefore found not disabled under the Social Security Act. (AR 19-20.)

Critical to the Court's analysis in this case is the date his disability insurance expired, which is September 30, 2006. (AR 96.) Consequently, it is Plaintiff's burden to demonstrate that he became

---

[1] Plaintiff, representing himself in <u>pro</u> <u>per</u>, has not specifically identified different issues. Thus, the Court has identified Plaintiff's issue in the broadest fashion.

2

disabled on or before this date. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The ALJ based his determination on evidence in the record, and also received on June 5, 2008 at a hearing, at which time Plaintiff was represented by counsel, and testimony was taken from Plaintiff, a medical expert ("ME") and a vocational expert ("VE"). (AR 21-54.)

At the hearing before the ALJ, the ME testified that he reviewed relevant evidence of Plaintiff's treating physicians. The ALJ noted that Plaintiff underwent a ventral hernia repair operation on May 2, 2006 (AR 247), but as of August 2006, Plaintiff's wound was healing well, his staples were removed, and he was advised that he could resume normal activities. (AR 218.) In the opinion of the ME, based upon his review of the records, Plaintiff's RFC would include the ability to lift and/or carry 50 pounds occasionally, and 25 pounds frequently; to sit for six hours; stand and/or walk for six hours; posturing limited to occasional; avoidance of unprotected heights and hazardous machinery; and no climbing of ladders, ropes or scaffolds. (AR 41-42.) Utilizing this RFC in a hypothetical question, the VE testified that at the Step Four level of the sequential evaluation, Plaintiff would not be capable of performing his past relevant work; however, the VE identified various jobs within Plaintiff's RFC that he could perform. (AR 31-32.)

Plaintiff understandably objects to the ALJ's evaluation of his non-disability status; however, much of his argument focuses on his descriptions of subjective symptoms following the September 30, 2006 date when his disability insurance expired. Nor has Plaintiff made a persuasive or credible argument that the ALJ's decision that he was not disabled before that date was not based on substantial evidence in

the record. For example, while Plaintiff now asserts that his abdominal pain has only increased and become worse, the evidence in the record, such as an October 2005 discharge diagnosis, indicates that his abdominal pain had at that time been resolved. (AR 256.)

Although Plaintiff has not specifically complained of an erroneous credibility assessment, the Court notes that the ALJ did find Plaintiff's credibility as to his subjective symptoms to be depreciated. (AR 17.) This finding was based on a lack of sufficient objective medical evidence to substantiate those claims; inconsistent statements made by Plaintiff regarding his sobriety; and, finally, a level of activities of daily living ("ADL") which were not only inconsistent with the alleged degree of pain and impairment, but were transferrable to the exertional requirements of work which he can do under his RFC. As the Commissioner points out, even in February 2007, Plaintiff injured his finger while he attempted to throw a sharp A frame from his house. (AR 433, 437.) Further, Plaintiff did provide testimony that although sometimes his medications were not effective, at other times they did help. (AR 31, et seq.)

Thus, all in all, while Plaintiff makes heartfelt statements about his deteriorating condition, increasing pain, and other symptoms, the Court must review the adequacy of the record to substantiate the ALJ's decision. Utilizing the substantial evidence test, as noted, the Court cannot find error in the ALJ's decision.

//
//
//
//
//

For that reason, the decision of the Commissioner will be affirmed, and the Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: November 16, 2010                    /s/
                                            VICTOR B. KENTON
                                            UNITED STATES MAGISTRATE JUDGE